JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anthony Jones
225 West Leeds Avenue
Pleasantville, NJ 08232

### DEFENDANTS
Dollar Tree, Inc.
500 Volvo Parkway
Chesapeake, VA 23320

(b) County of Residence of First Listed Plaintiff: **Atlantic County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chesapeake, VA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-3(a)
Brief description of cause:
Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/19/17
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY JONES<br>225 West Leeds Avenue<br>Pleasantville, NJ 08232 | : <br> : <br> : <br> : | JURY DEMANDED |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| DOLLAR TREE, INC.<br>500 Volvo Parkway<br>Chesapeake, VA  23320 | : <br> : <br> : <br> : | No. |
| And | : <br> : | |
| DOLLAR TREE, INC.<br>4260 Harbour Beach Boulevard<br>Brigantine, NJ 08203 | : <br> : <br> : <br> : | |
| Defendants | : <br> : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, ANTHONY JONES (hereinafter "Mr. Jones") is an adult individual residing at the above address.

2. Defendants, DOLLAR TREE, INC. (hereinafter "Dollar Tree") is a business corporation organized by and operating under the laws of the Commonwealth of Virginia and having a headquarters at the above captioned address.  At all times material hereto, Defendant availed itself of the laws of the State of New Jersey by owning and operating a retail store within the State of New Jersey.

3. At all times material hereto, Defendants, qualified as Plaintiff's employer pursuant to Title VII of the Civil Rights Act and as defined under New Jersey law.

4. This action is instituted pursuant to Title VII of the United States Civil Rights Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Mr. Jones has exhausted his administrative remedies to bringing a civil rights claim. [Exh. A.]

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the District of New Jersey at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

8. In November of 2014, Mr. Anthony Jones was hired as a seasonal cashier at the Dollar Tree in Absecon, NJ.

9. During his employment, Mr. Jones was promoted several times until he ultimately was promoted to Freight Manager.

10. Beginning in October of 2015, Mr. Jones was transferred to the Defendants' store in Brigantine, NJ.

11. At all times material hereto, the manager of the Brigantine location was Thelma Rice.

12. The Tuesday after Mr. Jones began working at the Brigantine location was a freight day, and Mr. Jones was in the stock room with two other stock employees unloading the truck. Ms. Rice came into the stock room and said to Mr. Jones, "Why is this taking so long, you f---ing lazy faggot".

13. Mr. Jones left the stock room, proceeded to the bathroom and called Harry Mackie, Defendant's district manager assigned to that store to report the incident.

14. Mr. Mackie advised that Defendant would "have a talk" with Ms. Rice.

15. Mr. Jones returned to the stock room and continued working.

16. A few hours later, Ms. Rice returned and fired the two stock workers for not working fast enough.

17. Following this initial incident, Ms. Rice made similar comments using homophobic slurs on a nearly weekly basis.

18. On one occasion he was stocking merchandise in an aisle when Ms. Rice came up to him and asked "who trained him" because he "didn't know what the f---- he was doing".

19. Ms. Rice would also refer to Mr. Jones as a "faggot" and a "fairy", and would use this derogatory language toward him in the presence other employees and customers in the store.

20. Each time Ms. Rice made such comments to Mr. Jones, he would contact Mr. Mackie and Cindy, Defendants' human resources representative to report each incident.

21. Between October of 2015 and November of 2015, Mr. Jones made at least 5 complaints to Mr. Mackie reporting Ms. Rice's behavior, until finally Mr. Mackie told Mr. Jones to stop calling him about it as he was "tired of hearing about it".

22. On or about December 19, 2015, Mr. Jones was working his shift. Ms. Rice, who was not scheduled to work that day, came in near the end of his shift and presented him with two write-ups requiring his signature.

23. One write-up was for not taking out the trash during a prior shift. Mr. Jones stated he did not take out the trash as he was working a late shift that day and per the company policy,

the loading dock doors are not to be opened after dark which he would have had to do in order to take the trash out on that shift.

24. The trash was taken out during a subsequent shift.

25. The second write-up surrounded the building of an end-cap, which he constructed based on Ms. Rice's express instructions, however the write-up stated it was done incorrectly.

26. Mr. Jones refused to sign these write-ups, to which Ms. Rice replied "You're going to sign it faggot."

27. At that point, Mr. Jones had had enough of these abusive and harassing remarks, and resigned.

28. Mr. Jones had no prior problems with Defendant before transferring to Ms. Rice's store.

29. Mr. Jones witnessed approximately four other managers leave or request transfers based solely on Ms. Rice's behavior.

30. He also learned subsequently that the prior freight manager for the Brigantine location had requested a transfer as she could avoid Ms. Rice.

31. Mr. Jones tried to tolerate the verbal abuse and hostile working environment as he was to enter the manager training program after completing three months at the Brigantine store under Ms. Rice.

32. However, when it became apparent that Ms. Rice's conduct was going to continue and that his complaints about the hostile work environment he was being forced to endure were going unheeded, Mr. Jones was forced to resign, essentially constructive discharge.

33. Plaintiff was subjected to a severe and pervasive hostile work environment within Defendant's Brigantine, NJ store.

34. Sexual orientation is a protected category under Title VII where the adverse action or harassment implicates gender stereotypes.

35. Defendants, by and through the conduct of their manager, officers and employees, retaliated against Plaintiff.

36. As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

## COUNT I
## TITLE VII CLAIM--RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38. At set forth above, Plaintiff, made complaints to Defendant concerning a pattern of sex discrimination as described above.

39. In retaliation for making these complaints, Defendant took adverse action against Plaintiff.

40. Plaintiff's participation in protected activity under Title VII was a motivating factor in Defendant's adverse actions.

41. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action contemplated by Civil Rights Act of 1964, § 704(a).

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. Defendants employed fifteen (15) or more employees from 2006 through 2015.

47. As described above, Plaintiff was subjected to unwelcome sexual statements, jeering, foul language, slurs and/or other conduct, related to his sex and sexual orientation while being employed by Defendant.

48. The aforementioned actions and conduct were severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

49. Defendant complained about the aforementioned conduct and was retaliated against as set forth above.

50. Defendant's conduct, as set forth above, violates Title VII of the Civil Right Act of 1964.

51. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, mental anguish, humiliation, personal injury type damages, pain and suffering, consequential

damages, as well as a work loss, loss of opportunity and a permanent diminution of his earning power and capacity, and a claim is made therefore.

### COUNT III– NEW JERSEY LAW AGAINST DISCRIMINATION

52. Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53. At all times material hereto, and pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, an employer may not discriminate against an employee based on sex or sexual orientation.

54. Plaintiff is a qualified employee and person within the definition of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

55. Defendant is an "employer" and thereby subject to the strictures of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

65. Defendants' conduct as set forth above constitutes violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

66. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

67. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

68. Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, et seq, Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, Anthony Jones demands judgment in his favor and against Defendant, Dollar Tree, Inc. in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Anthony Jones

# EXH. A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Anthony Jones
225 West Leeds Lane
Pleasantville, NJ 08232

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-04228 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

KJB

Kevin J. Berry,
Acting District Director

9/29/17
*(Date Mailed)*

Enclosures(s)

cc:  Sarah K. McConaughy, Corporate Counsel
DOLLAR TREE STORES, INC.
500 Volvo Parkway
Chesapeake, VA 23320

Graham Baird, Esq.
LAW OFFICES OF ERIC A. SHORE
2 Penn Center, Suite 1240
1500 john F. Kennedy Boulevard, P.O. Box 58519
Philadelphia, PA 19102